# KASOWITZ BENSON TORRES LLP

1349 PEACHTREE STREET, N.W.
SUITE 1500
ATLANTA, GEORGIA 30309
(404) 260-6080
FAX: (404) 260-6081

JEFFREY J. TONEY
DIRECT DIAL: (404) 260-6105
DIRECT FAX: (404) 393-9888
JTONEY@KASOWITZ.COM

HOUSTON
LOS ANGELES
MIAMI
NEW YORK
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

September 13, 2018

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *RideApp Inc. v. Lyft, Inc.*:  Case No.: 1:18-cv-06625-LGS
                  Joint Statement of the Case

Dear Judge Schofield:

       Pursuant to the Court's August 8, 2018 Order (Dkt. 8), Plaintiff RideApp, Inc. ("RideApp") and Defendant Lyft, Inc. ("Lyft") jointly submit this statement of the case prior to the initial pre-trial conference scheduled for September 20, 2018, as well as a Joint Proposed Patent Civil Case Management Plan and Scheduling Order (filed concurrently herewith).

**Statement of the Case**

      **Plaintiff's Description of the Case**

      This is a patent infringement action in which RideApp alleges that Lyft directly and indirectly infringes claims 2, 3 and 6 of U.S. Patent No. 6,697,730 (the "'730 patent").  The '730 patent, with a priority date of April 4, 2000, is now assigned to RideApp, Inc. by its inventor, Dr. Stephen Dickerson.  The '730 patent is a remarkably forward-thinking document for its time and describes much of what we have come to know as ride-hailing and vehicle-sharing services.  In a detailed specification, it sets out the use of mobile telephones to include integrated GPS positional matching and billing for rides, allowing an automated, cash-free transaction, and advising both the driver and the passenger of the other's GPS locations.  In doing so, it encompasses much of the business model that users today associate with Lyft and other ride-sharing companies.  The '730 patent reflects the invention of Dr. Stephen Dickerson, who assigned the patent to his company, RideApp, after the patent rights were returned to him by the original assignee, the Georgia Institute of Technology, in early 2018.

KASOWITZ BENSON TORRES LLP
September 13, 2018
Page 2 of 5

Lyft's products and services practice the claims of the '730 patent. Lyft was founded in 2012 as Zimride and officially launched as Lyft in 2013. Lyft claims that it connects passengers with drivers to take advantage of its services over one million times daily. Lyft's services that directly and indirectly infringe the '730 patent include, but are not limited to, Standard Lyft, Lyft Line, Lyft Shuttle, Lyft Plus, Lyft Premier, Lyft Lux, Lyft Lux SUV, and any related service that relies on the Lyft applications (the "Accused Products and Services"). The Accused Products and Services are integrated into a system comprising a technology platform and smartphone applications to connect drivers and passengers in ways that practice the claims of the '730 patent.

The primary factual and legal issues necessary to resolve the case relate to proving Lyft's infringement of the asserted claims, and will necessarily include the Court's construction of any disputed terms in the '730 patent's claims. For its direct infringement claims, RideApp must prove that Lyft practices each element of the asserted claims either literally or under the doctrine of equivalents. *See* 35 U.S.C. § 271(a). For indirect infringement, RideApp must prove that Lyft either contributes to direct infringement by another party or induces another party to engage in direct infringement. *See* 35 U.S.C. § 271(b)-(c). RideApp has not identified any pre-April 4, 2000 prior art that would invalidate the '730 patent. Further, the '730 patent is sufficiently well constructed to meet the patenting requirements of 35 U.S.C. §§ 101-103 and 112.

**Defendant's Description of the Case**

Lyft's response to RideApp's complaint is due on September 28, 2018, and Lyft is currently evaluating its defenses and counterclaims in preparing its response.

Based on RideApp's assertions and the '730 Patent, the Accused Products and Services do not infringe the '730 Patent claims, and the claims of the '730 Patent are invalid. The '730 Patent broadly describes an automated urban transit system based on existing technologies such as cellular phones, GPS tracking, and general-purpose computers. The ideas described in the '730 Patent were not novel at the time the Patent was filed and the claims of the '730 Patent will be found invalid pursuant to 35 U.S.C. §§101, 102, 103, and/or 112. In addition, the Accused Products and Services operate differently from the claims of the '730 Patent, and as such, cannot infringe the '730 Patent.

RideApp is a non-practicing entity seeking to siphon revenues from an innovative company using a patent likely to be found invalid and not infringed. Like many non-practicing entities, RideApp appears to be using the threat of high-cost litigation in an attempt to obtain licensing revenue.

**Subject Matter Jurisdiction and Venue**

**Plaintiff's Statement**

This action arises under the patent laws of the United States, Title 35 of the U.S. Code. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction and venue is proper because, *inter alia*, Lyft maintains a regular and established place of business in this judicial district, it transacts business in this district and it has

sufficient minimum contacts within the forum as a result of its business conducted here, and it has engaged in infringing conduct within or directed at this judicial district.

**Defendant's Statement**

Lyft's response to RideApp's complaint is due September 28, 2018, and Lyft is currently evaluating defenses and counterclaims. However, Lyft does not anticipate disputing subject matter jurisdiction or venue under 35 U.S.C. §1400(b).

## Anticipated Motion Practice

RideApp is unaware of any motions that the parties may file at this time.

Lyft's response to RideApp's complaint is due on September 28, 2018, and Lyft is currently evaluating defenses and counterclaims, including any preliminary motions. Lyft is in the process of confirming relevant information and has not yet confirmed whether it will file any preliminary motions, but Lyft will be prepared to discuss anticipated motion practice at the initial pretrial conference.

## Discovery

No discovery has been exchanged to date.

**Plaintiff's Statement on Anticipated Scope of Discovery**

RideApp anticipates serving interrogatories, requests for production of documents and requests for admissions concerning its allegations that Lyft has infringed RideApp's patent rights in the '730 patent, including discovery regarding the design and implementation of the integrated system comprised of Lyft's technology platform and smartphone applications supporting the Accused Products and Services and damages resulting from Lyft's infringement. RideApp expects significant e-discovery will be necessary. The parties will meet and confer to establish e-discovery protocols. No foreign discovery is contemplated at this time. With regard to the written discovery and depositions that RideApp intends on conducting, RideApp respectfully submits that no phases or sequencing of fact discovery is necessary. The parties agree that non-expert deposition testimony will be limited to 70 hours per party and interrogatories will be limited to 25 per party.

In light of the fact that disclosure of personal, confidential information, trade secrets, proprietary or other confidential commercial information may become necessary in this case, the parties anticipate a confidentiality protective order will be necessary. The parties will meet and confer on this issue and will submit a joint proposed protective order to the Court for approval.

**Defendant's Statement on Anticipated Scope of Discovery**

Lyft's response to RideApp's complaint is due on September 28, 2018, and Lyft is currently evaluating defenses and counterclaims. Lyft anticipates serving interrogatories, requests for production of documents, and requests for admission concerning its defenses and

KASOWITZ BENSON TORRES LLP
September 13, 2018
Page 4 of 5

counterclaims, including that Lyft does not infringe the asserted claims of the '730 Patent, that the asserted claims of the '730 Patent are invalid, and that RideApp is not entitled to the relief requested. Lyft expects that e-discovery may be necessary in this case and will meet and confer with RideApp to establish e-discovery protocols. Lyft is not currently aware of any contemplated foreign discovery. Lyft anticipates that a protective order will be necessary in this case to protect Lyft's confidential and proprietary information and will meet and confer with RideApp to prepare a proposed protective order for this case.

The parties agree that non-expert deposition testimony will be limited to 70 hours per party and interrogatories will be limited to 25 per party.

**Potential Issues Affecting or Delaying the Case**

The Parties currently are unaware of any issues that would significantly affect or delay the case.

**Instruction Regarding Relevant Technology**

The Parties anticipate providing the Court with tutorials regarding the technology of the '730 Patent at or before the Claim Construction hearing.

**Computation of Damages**

### Plaintiff's Statement on Relief

RideApp seeks a permanent injunction enjoining Lyft, through its Accused Products and Services, from further infringement, induced infringement or contributory infringement of the '730 patent. RideApp also seeks a judgment awarding it with damages adequate to compensate for Lyft's infringement, as well as pre-judgment and post-judgment interest, costs and attorneys' fees pursuant to 35 U.S.C. § 285, and such other and further relief as the Court deems proper. RideApp is unable to provide a more detailed computation of damages until it has conducted discovery regarding the financial impact of Lyft's infringement.

### Defendant's Statement on Relief

Lyft does not infringe the asserted claims of the '730 Patent, and no damages or other relief should be awarded to RideApp. Lyft's response to RideApp's Complaint is due on September 28, 2018, and Lyft is currently evaluating defenses and counterclaims, but expects to seek costs and attorneys' fees pursuant to 35 U.S.C. § 285 and/or Federal Rule of Civil Procedure 11 for damages related to the defense of RideApp's lawsuit.

**Settlement Discussions**

The parties have not engaged in mediation or formal settlement negotiations. The parties believe that the Court's guidance in settlement discussions could be useful and instructive.

KASOWITZ BENSON TORRES LLP
September 13, 2018
Page 5 of 5

**Other Matters**

  The parties are not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

           Sincerely,


           */s/ Jeffrey J. Toney*
           Jeffrey J. Toney


           */s/ Jennifer C. Tempesta*
           Jennifer C. Tempesta